# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Jonathan Cortez-Ramirez**

Case Number: **2:22CR00201**

Name of Sentencing Judicial Officer: **Honorable Robert A. Junell**

Date of Original Sentence: **February 14, 2017**

Original Offense: **Conspiracy to Possess with Intent to Distribute and Distribute 50 Grams or More of Actual Methamphetamine and/or 500 Grams or More of Mixture and Substance Containing Methamphetamine**

Original Sentence: **78 Months prison, followed by 60 Months TSR.**

Date Supervision Commenced: **July 22, 2022**

Date Jurisdiction Transferred to District of Nevada: **September 22, 2022**

Name of Assigned Judicial Officer: **Honorable Gloria M. Navarro**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Refrain From Unlawful Use of Controlled Substance** - The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

   A. Cortez-Ramirez tested positive for methamphetamine on the following dates

RE: Jonathan Cortez-Ramirez

    August 13, 2022
    August 15, 2022
    January 5, 2023
    March 9, 2023
    March 28, 2023
    April 15, 2023
    April 17, 2023
    April 24, 2023
    May 10, 2023
    May 11, 2023
    May 19, 2023

  B. Cortez-Ramirez failed to report for drug testing on the following dates:

    March 8, 2023
    March 27, 2023
    May 2, 2023
    May 18, 2023
    May 24, 2023

  C. Cortez-Ramirez submitted an invalid urine specimen for drug testing on April 7, 2023. The specimen was deemed invalid due to dilution.

2. **Residential Reentry Center – You must reside in a residential reentry center for a term of up to 90 days. You must follow the rules and regulations of the center.**

   A. On May 25, 2023, Cortez-Ramirez left the RRC Facility at approximately 12:53 p.m. for employment purposes and did not return to the facility. Cortez-Ramirez was required to return by 2:00 a.m. Cortez absconded from the RRC and was terminated as a program failure.

   B. On May 22, 2023, Cortez-Ramirez violated the rules and regulations of the RRC by consuming alcohol. On the noted date, RRC staff administered a breathalyzer on Cortez-Ramirez which registered a breath alcohol content (BAC) of .02%

   C. On May 24, 2023, Cortez-Ramirez violated the rules and regulation of the RRC by consuming alcohol. On the noted date, RRC staff administered a breathalyzer on Cortez-Ramirez which registered a breath alcohol content (BAC) of .01%.

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **May 26, 2023**

Digitally signed by Javier Muruato-Cortez
Date: 2023.05.26 14:01:52 -07'00'

Javier Muruato
U.S. Probation Officer

Approved:

Digitally signed by Todd Fredlund
Date: 2023.05.26 13:41:36 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐ No Action.
☐ The issuance of a warrant.
☒ The issuance of a summons.
☐ Other:

_____
Signature of Judicial Officer

May 26, 2023
Date

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. JONATHAN CORTEZ-RAMIREZ, 2:22CR00201

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
May 26, 2023

By way of case history, on February 14, 2017, Jonathan Cortez- Ramirez was sentenced by Senior United States District Judge Robert A. Junell, United States District Judge for the Western District of Texas to 78 months imprisonment with five years of supervised release to follow for committing the offense of, Conspiracy to Possess with Intent to Distribute and Distribute 50 Grams or More of Actual Methamphetamine and/or 500 Grams or More of a Mixture and Substance Containing Methamphetamine. Supervision commenced on July 22, 2022, in the District of Nevada.

On September 9, 2022, the sentencing district was notified that Cortez-Ramirez tested positive for methamphetamine on August 13 and 15, 2022. In response, drug testing was increased, and he was referred to substance abuse treatment. Cortez-Ramirez completed substance abuse treatment on December 15, 2022.

On January 5, 2023, Cortez-Ramirez tested positive for methamphetamine. Although Cortez-Ramirez denied using methamphetamine the national contracted laboratory confirmed the results. Cortez-Ramirez was warned that further drug use will result in notification to the Court with recommendation for punitive action. The undersigned officer continued to monitor Cortez-Ramirez with increased drug testing and mandated participation in treatment.

On January 31, 2023, Your Honor was notified of the above-noted violation conduct, with recommendation for no adverse action. Your Honor concurred with the recommendation.

On March 8, 2023, Cortez-Ramirez failed to report for a scheduled drug test. Cortez-Ramirez reported to the probation office the following day and tested positive for methamphetamine. Cortez-Ramirez denied use of methamphetamine, but the national contracted laboratory confirmed the test as positive for methamphetamine.

On March 27, 2023, Cortez-Ramirez again failed to report for a scheduled drug test. Cortez-Ramirez reported to the probation office the following day and tested positive for methamphetamine. Cortez-Ramirez denied use of methamphetamine, but the national contracted laboratory confirmed the test positive for methamphetamine.

On April 7, 2023, Cortez-Ramirez reported to the contracted drug and alcohol testing facility and provided a diluted urine specimen for testing. Since the specimen was invalid, Cortez-Ramirez was instructed to return an hour later for another test, but he failed to return. It is noted diluted urine specimens are indicative of an individual attempting to avoid detection of drug use.

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

On April 15, 2023, Cortez-Ramirez tested positive once again for methamphetamine. On April 17, 2023, the following business day, Cortez-Ramirez was instructed to report to the probation office to discuss the additional positive drug tests. Cortez-Ramirez admitted to the undersigned officer that he had used methamphetamine as recently as Saturday, April 15, 2023; and admitted that all prior positives for methamphetamine was result of him using. Cortez-Ramirez explained he was experiencing marital issues at home, left the home for a few days, and used methamphetamine the weekend of April 15, 2023. Cortez-Ramirez submitted to another drug test which yielded positive results for methamphetamine.

On April 24, 2023, Cortez-Ramirez was instructed to report to the probation office to discuss substance abuse treatment options to address his addiction. He submitted to a drug test which was positive for methamphetamine. Cortez-Ramirez admitted to using methamphetamine on Friday, April 21, 2023, stating the methamphetamine was provided to him at his place of employment by a co-worker. He expressed remorse and stated he quit his job to avoid further temptation from co-workers.

Clearly Cortez-Ramirez had been spiraling in his addiction and had lost his employment. As a corrective measure, Cortez-Ramirez was verbally admonished and counseled on the consequences of substance abuse. He was referred into intensive outpatient treatment. Additionally, as a sanction for the multiple violation conduct, on April 24, 2023, Cortez-Ramirez was presented with a waiver (Prob49) to modify his conditions to include placement at the Residential Reentry Center (RRC) for a period of 90 days. He agreed to the modification. Your Honor was notified of the violations and ordered the modification on April 26, 2023.

Cortez-Ramirez was placed at the RRC on May 8, 2023. He was also enrolled in the Intensive Out-patient substance abuse program the following day.

On May 10 and May 11, 2023, Cortez-Ramirez reported to the contracted testing facility and tested positive for methamphetamine. The national contracted laboratory confirmed the tests positive for methamphetamine. Cortez-Ramirez admitted to using methamphetamine on May 7, 2023, the weekend prior to entering the RRC. He explained that he and his wife again got into an argument, he left the residence and used methamphetamine. Cortez-Ramirez was verbally admonished and instructed to discuss his relapse in treatment.

On May 18, 2023, Cortez-Ramirez again failed to report for a scheduled drug test. Cortez-Ramirez reported to the probation office the following day and tested positive for methamphetamine. Cortez-Ramirez stated that he was too busy to go drug test and denied use of methamphetamine, stating it may be residual from when he used on May 7, 2023. The drug test sample was sent to laboratory for verification.

On May 22 and May 24, 2023, Cortez-Ramirez tested positive for alcohol at the RRC upon his return from a community pass. This is a violation of the rules and regulation of the RRC. Cortez-Ramirez admitted to drinking alcohol, stating that upon returning from work to the RRC, he stopped at his residence and drank a home-made liquor called Rompope.

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

On May 24, 2023, Cortez-Ramirez again failed to report for a scheduled drug test.

On May 25, 2023, Cortez-Ramirez left the RRC Facility at approximately 12:53 p.m. for employment purposes and did not return to the facility by the required time of 2:00 a.m. Cortez-Ramirez was placed on absconder status and was ultimately discharged from the RRC as a program failure.

The undersigned officer contacted Cortez-Ramirez telephonically on May 25, 2023, wherein he stated he wanted to attend his daughter's graduation as well as be approved for other recreational passes but knew these requests would not be approved due to his multiple violations and positive drug/alcohol test. Cortez-Ramirez stated he decided to leave the RRC program and face the consequences.

Cortez-Ramirez had previously been placed at the RRC and knew the rules and regulation of the program. Despite knowing them, he voiced his dislike of staying at the RRC and following the rules and regulation. Cortez-Ramirez has demonstrated a contemptuous attitude towards supervision and there is not a single condition or combination of conditions that can ensure his compliance.

Pursuant to 18 U.S.C.§ 3583(g)(4) revocation is mandatory if one tests positive for controlled substance more than three (3) times over the course of one year. As noted, Cortez-Ramirez has tested positive 11 times since August 2022, with eight (8) positive drug tests within the last three months, thus triggering mandatory revocation. Cortez-Ramirez has been afforded opportunities to address his addiction through intensive treatment, along with placement at the RRC, but unfortunately continues to abuse methamphetamine. Cortez-Ramirez's explanation for leaving the RRC demonstrates he will do as he pleases without regard for this court's order or the instruction of his probation officer. It is respectfully recommended that a warrant be issued to initiate revocation proceedings.

Respectfully submitted,

Digitally signed by Javier Muruato-Cortez
Date: 2023.05.26 14:03:13 -07'00'

Javier Muruato
U.S. Probation Officer

Approved:

Digitally signed by Todd Fredlund
Date: 2023.05.26 13:41:55 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jonathan Cortez-Ramirez | ) Case No. | 2:22CR00201 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Jonathan Cortez-Ramirez,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☒ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:
Violation of Supervised Release

Date: _____

_____
*Issuing officer's signature*

City and state: _____

_____
*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:  **Jonathan Cortez-Ramirez**

Known aliases:  **Jonathan Ramirez-Cortez**

Last known residence:  **6335 Annie Oakley Dr., #231, Las Vegas NV 89120**

Prior addresses to which defendant/offender may still have ties:  **N/A**

Last known employment:  **Coremark**

Last known telephone numbers:  **702-513-7024**

Place of birth:  **Oceanside, CA**

Date of birth:  **July 11, 1988**

Social Security number:  **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**

Height: **69**  Weight: **Brown**

Sex: **Male**  Race: **White**

Hair: **Brown**  Eyes: **Brown**

Scars, tattoos, other distinguishing marks:  **Multiple on both arms**

History of violence, weapons, drug use:  **Methamphetamine use.**

Known family, friends, and other associates *(name, relation, address, phone number)*:  **Victoria Barajas (Spouse)**

**Victoria Barajas (Spouse) 6335 Annie Oakley Dr., Apt 231, Las Vegas NV 89120 (702)439-0731**

FBI number:  **59025JD7**

Complete description of auto:  **Brown 2005 Toyota Camry**

Investigative agency and address:  **U.S. Probation Office, District of Nevada 300 Las Vegas Blvd., South, Las Vegas NV 89101**

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

**Javier Muruato O:702-527-7278  C:702-491-2751**

Date of last contact with pretrial services or probation officer *(if applicable)*:  **05/26/2023**

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

UNITED STATES OF AMERICA

v.

JONATHAN CORTEZ-RAMIREZ

Defendant.

Case Number: 7:15-CR-00280-RAJ(15)
USM Number: 17663-479

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JONATHAN CORTEZ-RAMIREZ, was represented by Kenneth Del Valle, Esq.

On motion of the United States, the Court has dismissed Count(s) 1, 1s & 1sss with prejudice.
The defendant pled guilty to Count(s) 1ss of the Superseding Indictment on December 6, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841(a)(1)<br>21 USC § 841(b)(1)(A)<br>21 USC § 846 | Conspiracy to Possess with Intent to Distribute and Distribute 50 Grams or More of Actual Methamphetamine and/or 500 Grams or More of a Mixture and Substance Containing Methamphetamine | 11/24/2015 | 1ss |

As pronounced on February 14, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 27th day of February, 2017.

Robert A. Junell
Senior United States District Judge

Case 2:22-cr-00201-GMN-NJK Document 9 Filed 05/26/23 Page 11 of 15
Case: 7:15-cr-\_\_\_/80, Document: 1339, Filed: 02-27\_\_\_/17, Page 2 of 6

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                         Judgment -- Page 2 of 6

DEFENDANT: JONATHAN CORTEZ-RAMIREZ
CASE NUMBER: 7:15-CR-00280-RAJ(15)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Seventy eight (78) months as to count 1ss** with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I. Phoenix, AZ.

That if eligible, the defendant participate in the 500 – Hour Intensive Drug Abuse Education Program.

That the defendant participate in the Bureau of Prisons' Inmate Job Training Program while incarcerated.

That the defendant participate in the Bureau of Prisons' Inmate Education Program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By
DEPUTY UNITED STATES MARSHAL

Case 2:22-cr-00201-GMN-NJK    Document 9    Filed 05/26/23    Page 12 of 15
Case: 7:15-cr-00280, Document: 1339, Filed: 02-27-17, Page 3 of 6

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                               Judgment -- Page 3 of 6

DEFENDANT:       JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:     7:15-CR-00280-RAJ(15)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) years.**

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall abstain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts, during the term of supervision.

The defendant shall not be permitted to reside any place where firearms are possessed or stored.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall have no contact with his co-defendants, whether by phone, e-mail, fax, letter or in person, during the term of supervision.

The defendant shall obtain his GED during the term of supervision.

Case 2:22-cr-00201-GMN-NJK   Document 9   Filed 05/26/23   Page 13 of 15
Case: 7:15-cr-00280, Document: 1339, Filed: 02-27-2017, Page 4 of 6

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 4 of 6

DEFENDANT: JONATHAN CORTEZ-RAMIREZ
CASE NUMBER: 7:15-CR-00280-RAJ(15)

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE
(As Amended November 28, 2016)

It is ORDERED that the Conditions of Probation and Supervised Release applicable to each defendant committed to probation or supervised release in any division of the Western District of Texas, are adopted as follows:

Mandatory Conditions:

[1] The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2] The defendant shall not unlawfully possess a controlled substance.

[3] The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4] The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5] If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6] If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7] If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8] The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9] The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

Standard Conditions:

[1] The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2] After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3] The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4] The defendant shall answer truthfully the questions asked by the probation officer.

[5] The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                                                      Judgment -- Page 5 of 6

DEFENDANT:         JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:       7:15-CR-00280-RAJ(15)

[6] The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7] The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8] The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9] If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10] The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11] The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12] If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13] The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14] If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 6 of 6

DEFENDANT:        JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:      7:15-CR-00280-RAJ(15)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 200 East Wall, Room 222, Midland, TX 79701. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine        | Restitution |
|--------|------------|-------------|-------------|
| TOTALS | $100.00    | $10,000.00  | $.00        |

## SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

## FINE

The defendant shall pay a fine of $10,000.00. Payment of this sum shall begin 60 days after release from imprisonment.

## SCHEDULE OF PAYMENTS

Payment at a rate approved by the court shall be made by the third day of each month beginning 60 days after release from imprisonment. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the U.S. Attorney. The defendant shall cooperate fully with the U.S. Attorney and the U.S. Probation Office to make payment in full as soon as possible.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.