# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Jonathan Cortez-Ramirez**

Case Number: **2:22CR00201**

Name of Sentencing Judicial Officer: **Honorable Robert A. Junell**

Date of Original Sentence: **February 27, 2017**

Original Offense: **Conspiracy to Possess with Intent to Distribute and Distribute 50 Grams or More of Actual Methamphetamine and/or 500 Grams or More of Mixture and Substance Containing Methamphetamine**

Original Sentence: **78 Months prison, followed by 60 Months TSR.**

Date Supervision Commenced: **July 22, 2022**

Date Jurisdiction Transferred to District of Nevada: **September 22, 2022**

Name of Assigned Judicial Officer: **Honorable Gloria M. Navarro**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled Substance** - **You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.**

   On August 10, 2023, Cortez-Ramirez tested positive for methamphetamine.

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

2. **<u>Substance Abuse Treatment</u> – You must participate in an inpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).**

On August 10, 2023, while in residential treatment, Cortez-Ramirez tested positive for methamphetamine. Cortez-Ramirez admitted to the facility director that he used methamphetamine while in the program. In addition, methamphetamine was found in his bunk. Cortez-Ramirez failed to follow the rules and regulation of the inpatient substance abuse treatment program, resulting in his unsuccessful discharge from the program.

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **August 11, 2023**

Digitally signed by Javier Muruato-Cortez
Date: 2023.08.11 16:00:33 -07'00'

Javier Muruato
U.S. Probation Officer

Approved:

Digitally signed by Todd Fredlund
Date: 2023.08.11 15:56:00 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

---

*THE COURT ORDERS*

☐ No Action.
☒ The issuance of a warrant.
☐ The issuance of a summons.
☐ Other:

Signature of Judicial Officer

August 11, 2023
Date

RE: Jonathan Cortez-Ramirez

Prob12C
D/NV Form
Rev. March 2017

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
UNITED STATES V. JONATHAN CORTEZ-RAMIREZ,  2:22CR00201

**SUMMARY IN SUPPORT OF PETITION FOR WARRANT**
**August 11, 2023**

By way of case history, on May 26, 2023, our office filed Petition for Warrant for Offender Under Supervision (ECF No.: 9). It is alleged in the petition that Cortez-Ramirez violated his release conditions by testing positive for methamphetamine on 11 occasions, missing five (5) drug tests, and absconding from the residential reentry center (RRC). In lieu of a warrant Your Honor issued a Summons.

On July 12, 2023, Cortez-Ramirez appeared before Your Honor for his revocation hearing. It was agreed upon by all parties to allow Cortez-Ramirez the opportunity to participate in residential substance abuse treatment at WestCare. His sentencing would be held in abeyance until he completed treatment. Cortez-Ramirez was released from custody on July 18, 2023, to attend the intake assessment at WestCare for admission into the residential program at Harris Spring Ranch (HSR) on July 20, 2023.

On July 10, 2023, the undersigned officer was notified by Edgar Salcido, the Director of HSR, that Cortez-Ramirez submitted to a drug test, which yielded positive results for methamphetamine. In addition, methamphetamine was found in Cortez-Ramirez's bunk. Cortez-Ramirez initially denied use of methamphetamine. After further inquiry and another drug test, Cortez-Ramirez admitted to using methamphetamine.

As a result of his relapse, lack of honesty, and non-compliance with the rules and regulations of HSR, Cortez-Ramirez has been terminated from the program.

Cortez-Ramirez has not utilized the opportunity granted by the Court to participate in residential substance treatment. Despite being in an inpatient treatment setting, he persists in the abuse of methamphetamine. There is not a single condition or combination of conditions that can ensure Cortez-Ramirez will comply with Court orders. It is respectfully recommended that a warrant be issued and that he remains in custody pending his revocation hearing.

Approved:                                                                 Respectfully submitted,

Digitally signed by Todd Fredlund                         Digitally signed by Javier Muruato-Cortez
Date: 2023.08.11 15:56:28 -07'00'                         Date: 2023.08.11 16:07:46 -07'00'

Todd J. Fredlund                                                        Javier Muruato
Supervisory U.S. Probation Officer                          U.S. Probation Officer

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

UNITED STATES OF AMERICA

v.

JONATHAN CORTEZ-RAMIREZ

Defendant.

Case Number: 7:15-CR-00280-RAJ(15)
USM Number: 17663-479

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JONATHAN CORTEZ-RAMIREZ, was represented by Kenneth Del Valle, Esq.

On motion of the United States, the Court has dismissed Count(s) 1, 1s & 1sss with prejudice.

The defendant pled guilty to Count(s) 1ss of the Superseding Indictment on December 6, 2016. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 841(a)(1)<br>21 USC § 841(b)(1)(A)<br>21 USC § 846 | Conspiracy to Possess with Intent to Distribute and Distribute 50 Grams or More of Actual Methamphetamine and/or 500 Grams or More of a Mixture and Substance Containing Methamphetamine | 11/24/2015 | 1ss |

As pronounced on February 14, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this 27th day of February, 2017.

Robert A. Junell
Senior United States District Judge

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                         Judgment -- Page 2 of 6

DEFENDANT:         JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:       7:15-CR-00280-RAJ(15)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Seventy eight (78) months as to count 1ss** with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I. Phoenix, AZ.

That if eligible, the defendant participate in the 500 – Hour Intensive Drug Abuse Education Program.

That the defendant participate in the Bureau of Prisons' Inmate Job Training Program while incarcerated.

That the defendant participate in the Bureau of Prisons' Inmate Education Program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

_____

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                         Judgment -- Page 3 of 6

DEFENDANT:     JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:   7:15-CR-00280-RAJ(15)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Five (5) years.**

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

The defendant shall abstain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts, during the term of supervision.

The defendant shall not be permitted to reside any place where firearms are possessed or stored.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall have no contact with his co-defendants, whether by phone, e-mail, fax, letter or in person, during the term of supervision.

The defendant shall obtain his GED during the term of supervision.

Case 2:22-cr-00201-GMN-NJK   Document 28   Filed 08/11/23   Page 9 of 11
Case: 7:15-cr-00280, Document: 1339, Filed: 02-27-17, Page 4 of 6

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                      Judgment -- Page 4 of 6

DEFENDANT:      JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:    7:15-CR-00280-RAJ(15)

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE
(As Amended November 28, 2016)

It is ORDERED that the Conditions of Probation and Supervised Release applicable to each defendant committed to probation or supervised release in any division of the Western District of Texas, are adopted as follows:

Mandatory Conditions:

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq*.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

Standard Conditions:

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

Case 2:22-cr-00201-GMN-NJK    Document 28    Filed 08/11/23    Page 10 of 11
Case: 7:15-cr-00280, Document: 1339, Filed: 02-27-17, Page 9 of 6

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                        Judgment -- Page 5 of 6

DEFENDANT:         JONATHAN CORTEZ-RAMIREZ
CASE NUMBER:       7:15-CR-00280-RAJ(15)

[6] The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7] The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8] The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9] If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10] The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11] The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12] If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13] The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14] If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 6 of 6

DEFENDANT: JONATHAN CORTEZ-RAMIREZ
CASE NUMBER: 7:15-CR-00280-RAJ(15)

# CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 200 East Wall, Room 222, Midland, TX 79701. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine        | Restitution |
|--------|-----------|-------------|-------------|
| TOTALS | $100.00   | $10,000.00  | $.00        |

## SPECIAL ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

## FINE

The defendant shall pay a fine of $10,000.00. Payment of this sum shall begin 60 days after release from imprisonment.

## SCHEDULE OF PAYMENTS

Payment at a rate approved by the court shall be made by the third day of each month beginning 60 days after release from imprisonment. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the U.S. Attorney. The defendant shall cooperate fully with the U.S. Attorney and the U.S. Probation Office to make payment in full as soon as possible.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.